UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALISA GOLZ, INDIVIDUALLY AND AS NEXT FRIEND OF HER MINOR CHILDREN P.G. AND G.M.;<br>*Plaintiff*<br><br>v.<br><br>WILLIAMSON COUNTY, TEXAS, ET AL.,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No.  1:25-CV-01956-ADA |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff Alisa Golz's application to proceed *in forma pauperis*, pro se motion for permission to file electronically, motion to expedite, and motion to recuse. Dkts. 2; 3; 4; 7. Because Golz is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

1

## I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Golz's financial affidavit and determined Golz is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Golz's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Golz is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a Section 1915(e) review of the claims made in this complaint and is recommending Golz's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Golz has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Golz's suit raises issues associated with four state-court proceedings against her: (1) a criminal case in Williamson County, (2) a civil case in Williamson County, (3) a criminal case in Travis County, and (4) a child-protection action.

With respect to (1) the Williamson County criminal case, Golz alleges that she maintained a "clearly abandoned" home and lawfully sold personal property from the premises. Dkt. 6, at 7-8. Golz was arrested and her bank accounts were frozen. *Id.* During the prosecution of that case, Golz alleges that she was improperly placed in solitary confinement, injured by an ankle-monitor, accused of violating bond conditions she could not physically comply with, and generally refused a meaningful opportunity to participate in the case, including through discovery or consideration of her filed motions. *Id.* at 8. The (2) Williamson County civil case related to the same

abandoned property. Golz alleges that despite the dissolution of the LLC property owners—Defendants P&J Properties, LLC, 510 Palm Valley, LLC, and Airport, LLC—Williamson County and associated officials and judges improperly demanded she pay restitution in connection with her use of the property and, again, denied her opportunities to participate meaningfully in that case. *Id.* at 7-8.

Golz challenges (3) a Travis County criminal prosecution against her related to her occupation or use of another property she did not own. *Id.* at 8. Like her other cases, Golz alleges that Travis County officials and judges refused discovery and imposed unreasonable bond conditions and financial burdens. *Id.* With respect to (4) the child-protection proceedings, Golz alleges that the case was based on invalid drug tests and mischaracterized or falsified evidence. *Id.* at 8-9. Finally, Golz alleges that she was denied disability accommodations during these state-court proceedings and her probation, as well as during a federal proceeding in this Court.[1] *Id.* at 8, 13.

Based on these allegations, Golz brings claims pursuant to 42 U.S.C. § 1983 for violations of her First, Fourth, and Fourteenth Amendment rights and for "unlawful probation"; a claim under 42 U.S.C. § 1985(3) for conspiracy to deprive her of her civil rights; claims under Title II of the Americans with Disabilities Act ("ADA"); claims under Section 504 of the Rehabilitation Act ("RA"); an Administrative Procedure Act ("APA") claim; a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and various state-law causes of action, including a

---

[1] *Golz v. Tex. Dep't Fam. & Protective Servs., et al.*, No. 1:25-CV-01316-ADA-SH, 2025 WL 3097081 (W.D. Tex. Sep. 30, 2025), *R. & R. adopted*, 2025 WL 3096834 (W.D. Tex. Nov. 5, 2025).

violation of the Texas Public Information Act, negligence, gross negligence, malicious prosecution, abuse of process, intentional infliction of emotional distress, and invasion of privacy. *Id.* at 11-20.

### A.    Golz's claims duplicating those in her earlier federal suit should be dismissed.

First, Golz's claims against DFPS, as well as Defendants Maeretha Wilburn, Chelsea Campos, Jamie Walker, Bridget O'Shaughnessy, Quest Diagnostics, Inc., Omega Laboratories, Inc., i3Screen, LLC, and Texas Drug & Alcohol Testing Services, should be dismissed as malicious pursuant to Section 1915 and the principle of res judicata.

Under Section 1915, "[a] complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." *Amrhein v. United States*, 740 F. App'x 65 (5th Cir. 2018) (per curiam); *see also see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff."). Further, "it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *Oyekwe v. Rsch. Now Grp., Inc.*, 542 F. Supp. 3d 496, 508 (N.D. Tex. 2021) (internal quotation marks omitted). Under the established principle of res judicata, "'a judgment, valid on its face, cannot, in the absence of fraud in its procurement, be collaterally attacked as to mere errors or irregularities committed by the court in the

exercise of its jurisdiction or in the course of the proceedings even though errors and irregularities may appear on the face of the record.'" *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013) (quoting *Iselin v. Meng*, 307 F.2d 455, 457 (5th Cir. 1962)).

"The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).[2] Each of those elements is met here. In an earlier case in this Court, Golz sued identical Defendants DFPS, Maeretha Wilburn, Chelsea Campos, and Jamie Walker, Bridget O'Shaughnessy, Quest Diagnostics, Inc., Omega Laboratories Inc., i3Screen LLC, and Texas Drug & Alcohol Testing Services, Inc., for violations of her due process, First Amendment, Fourth Amendment, and Fourteenth Amendment rights as well as the ADA and 42 U.S.C. § 1985. *See Golz v. Tex. Dep't Fam. & Protective Servs., et al.*, No. 1:25-CV-01316-ADA-SH, 2025 WL 3097081 (W.D. Tex. Sep. 30, 2025), *R. & R. adopted*, 2025 WL 3096834 (W.D. Tex. Nov. 5, 2025). This Court, as a court of competent jurisdiction, rendered a final judgment on the merits dismissing that case as frivolous pursuant to Section 1915. *Id.* at \*1; *see Singh*, 428 F.3d at 571.

---

[2] The "critical issue" under the fourth element is not whether the theories of liability are identical, but rather "whether the two suits are based on the same nucleus of operative facts." *Oyekwe*, 542 F. Supp. 3d at 509 (internal quotation marks omitted). Golz admits that her prior federal case arose "from the identical nucleus of operative facts as this one." Dkt. 6, at 6.

While they were not parties to Golz's prior suit, Defendants Ashley Lucciola; DFPS Ombudsman; medical review officers Janelle Jaworski, Steven Paschal, and John Doe MROs 1-5; St. David's Hospital; Hospital Social Worker "Wells"; and Doe Nurses and Technicians should be dismissed on the same basis. Golz's allegations against these Defendants are inextricably entwined with her state-court child-protection case, including that these Defendants engaged in improper recordkeeping, made inaccurate statements or reports, or failed to properly oversee the custody case. *See* Dkt. 1, at 6, 7. Because Golz's allegations as to these defendants "duplicate[] claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation," they should be dismissed. *Amrhein*, 740 F. App'x at 66.

To the extent Golz raises any new claims against these Defendants in this suit, the Court should dismiss them as in Golz's previous federal case. Golz clarifies in this case that the child-protection case was dismissed in her favor. Dkt. 6, at 6. Because these claims implicate a final state-court order, they are barred under the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, federal courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). When a district court "is confronted with issues that are inextricably intertwined with a state judgment, the court is in essence being called upon to review the state-court decision, and the

originality of the district court's jurisdiction precludes such a review." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citations omitted). Litigants may not obtain review of state-court actions by filing complaints about those actions in lower federal courts framed as civil-rights suits. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). Instead, the only federal recourse for constitutional questions arising in state-court proceedings is application for *writ of certiorari* to the United States Supreme Court. *Id.*

B.    **Golz's claims against the local-government defendants under 42 U.S.C. § 1983 should be dismissed.**

The District Judge should dismiss Golz's Section 1983 claims against Travis County, Williamson County, Round Rock Police Department, Travis County Community Supervision and Corrections Department, and the Director of Williamson County Pretrial Services.[3] To find these local-government defendants liable, the standard from *Monell v. Department of Social Services of City of New York* must be satisfied. 436 U.S. 658 (1978). Golz must "identify a policymaker and identify an official city policy that was the moving force behind the alleged constitutional rights violation." *Armstrong v. Ashley*, 60 F.4th 262, 276 (5th Cir. 2023). An "official policy" can include either a "policy statement, ordinance, regulation, or decision that is

---

[3] Golz sues the Director of Williamson County Pretrial Services in his or her official capacity. Dkt. 6, at 3. "A claim against a municipal official in his or her official capacity is tantamount to a suit against the municipal entity." *Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 789 (W.D. Tex. 2016), *aff'd*, 891 F.3d 214 (5th Cir. 2018). As such, the undersigned construes this claim as against Williamson County. Additionally, the Round Rock Police Department is not an independent legal entity capable of being sued. *Neal v. Flanery*, 1:20-CV-1217-RP, 2021 WL 164555, at *2 (W.D. Tex. Jan. 19, 2021). So, the undersigned construes Golz's claim against the Department as against the City of Round Rock.

officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority" or a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* Conclusory allegations are insufficient. *See id.*

Because Golz does not allege an officially promulgated policy, she must allege a "custom or practice so common and well settled as to constitute a custom that fairly represents municipal policy, and actual or constructive knowledge of such custom must be attributable to the policymaker." *Id.* (cleaned up). Golz's only references to any official policy or custom are conclusory and devoid of factual content: that Williamson and Travis County are liable because their alleged "violations were caused by policies[] [and] customs and/or failures to train including acceptance of prosecutions based on non-existent victims, refusal to correct known defects, and routine denial of discovery to indigent or pro se defendants." Dkt. 6, at 11-12. The Fifth Circuit rejected similarly conclusory allegations as insufficient in *Armstrong*. 60 F.4th at 276. The District Judge should do the same here.

To the extent Golz raises a failure-to-train theory of local-government liability, that claim should be dismissed, as well. *See* Dkt. 6, at 11-12. To establish failure-to-train, Golz must allege "that (1) the supervisor either failed to supervise or train the subordinate officer; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and (3) the failure to train or supervise

amounts to deliberate indifference." *Armstrong*, 60 F.4th at 277 (internal quotation marks omitted). "A plaintiff may show deliberate indifference by demonstrating either that (a) the municipality had notice of a pattern of similar violations, or (b) the constitutional violation was the highly predictable consequence of a particular failure to train." *Id.* Even assuming a supervisor failed to train or supervise any officer involved in the state-court proceedings involving Golz, Golz fails to state any facts implying that policymakers acted with deliberate indifference, as she fails to allege any pattern of similar violations or any facts to suggest that a constitutional violation was a "highly predictable" consequence of a particular failure to train. *See id.*

Although Golz's individual-capacity suit against the Unknown Round Rock Police Officers (Does 1-10) is not subject to *Monell*, the District Judge should likewise dismiss those claims. *See* Dkt. 1, at 4. Golz states only that she sues the officers for "unlawful entry, seizure, arrest, and failure to provide evidence or discovery." *Id.* This conclusory assertion is insufficient to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). [4]

### C. Golz's claims for damages against the prosecutor defendants should be dismissed.

Golz's claims for damages against Defendants prosecutors Shawn Dick and Jason Daniel Jorgens should also be dismissed. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil-rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259,

---

[4] Golz states that she brings her "unlawful probation" claim against "relevant probation officers in individual capacities." Dkt. 6, at 15. However, no individual probation officers are named as defendants.

273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "'[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993), *overruled on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994). Thus, a prosecutor is immune from civil-rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

In this case, Golz alleges generally that Dick and Jorgens made misrepresentations and acted unlawfully in connection with the state-court criminal proceedings against Golz. Dkt. 6, at 11. Because these actions were taken in connection with judicial proceedings, Dick and Jorgens are entitled to prosecutorial immunity with respect to any claim for damages based on those actions. *See Boyd*, 31 F.3d at 285. Additionally, as explained below, any claim for declaratory or injunctive relief against the prosecutor defendants should also be dismissed.[5]

---

[5] *See infra* Part II.G.

**D.    Golz's APA claim should be dismissed.**

Golz fails to state a claim against Defendants United States Department of Health and Human Services ("HHS"), HHS Office of Civil Rights ("OCR"), and Administration for Children and Families ("ACF," and with HHS and OCR, the "Federal Defendants") under the APA. The APA permits judicial review of a "final agency action." 5 U.S.C. § 704. For an agency action to be "final," two conditions must be met: (1) "'the action must mark the consummation of the agency's decisionmaking process'" and (2) "'the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Texas v. Becerra*, 89 F.4th 529, 538 (5th Cir. 2024) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).

Golz alleges that the Federal Defendants violated the APA by "failing to meaningfully investigate, monitor, or enforce compliance, and by summarily disposing of or ignoring Plaintiff's complaints." Dkt. 6, at 17. Golz alleges no facts suggesting that she underwent any agency decisionmaking process to determine her rights or received any final agency action. Therefore, her APA claim should be dismissed.

**E.    Any claim against Defendants P&J Properties, LLC, 510 Palm Valley, LLC, or Airport, LLC, should be dismissed.**

Golz fails to state a claim as to Defendants P&J Properties, LLC, 510 Palm Valley, LLC, or Airport, LLC. Golz makes no allegations against these entities; to the contrary, she repeatedly states that these entities do not legally exist or were dissolved at the time of the facts giving rise to this complaint. *See* Dkt. 6, at 7, 11.

Because Golz fails to state a claim against these entities for which relief can be granted, they should be dismissed.

### F. Any claim against National Fidelity Title Insurance Company or Aspiration Bank should be dismissed.

Similarly, Golz fails to state a claim as to Defendants National Fidelity Title Insurance Company ("National Fidelity") or Aspiration Bank ("Aspiration"). Golz does not specify her cause of action against National Fidelity or Aspiration. She alleges only that National Fidelity directed Aspiration to freeze Golz's account and that Aspiration "complied without a court order, warrant, or notice[.]" Dkt. 6, at 8. These conclusory assertions are insufficient to state a claim for which relief can be granted. Golz's suit against National Fidelity and Aspiration should be dismissed under 28 U.S.C. § 1915(e)(2).

### G. Golz's claims for injunctive and declaratory relief should be dismissed.

Golz's requests for declaratory or injunctive relief against any Defendant should be dismissed. Golz asks the Court for a declaration generally stating that certain Defendants violated her rights. Dkt. 6, at 20. Golz also seeks injunctive relief, including to compel evidence from the state-court proceedings, prohibit DFPS's use of invalid drug tests in the future, vacate "unlawful probation conditions," require Defendants to provide her with proper accommodations, and unfreeze Golz's accounts. *Id.* at 21.

"When 'seeking injunctive or declaratory relief, a plaintiff must allege facts' evincing 'a substantial and continuing controversy between two adverse parties …

13

[that is] real and immediate, and create[s] a definite, rather than speculative threat of future injury.'" *Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at *7 (5th Cir. Jan. 13, 2025) (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). "'Past exposure to illegal conduct does not in itself show a present case or controversy … if unaccompanied by any continuing, present adverse effects.'" *Id.* "Rather, '[t]o obtain [declaratory or injunctive] relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future.'" *Id.*

With respect to Golz's requests that the Court vacate "unlawful probation conditions" and unfreeze her accounts, Golz has supplied insufficient facts to support these claims for relief.[6] Golz's requests that the Court compel records or prohibit reliance on the "invalid" tests seek only to remedy past alleged violations of the law. *See* Dkt. 6, at 21. Golz's remaining requests for injunctive relief fail to identify a non-speculative threat of future injury. *See id.* There are no facts to suggest that Golz imminently faces additional proceedings, and to the extent any proceedings against her are ongoing, she identifies no facts demonstrating a "real and immediate threat" of repeated injury in those proceedings. *See id.*; *Laird*, 2025 WL 79826, at *7.

The undersigned notes that because Golz sues the Defendant Judges Stacey Mathews, Justin Fields, Terence Davis, Aurora Martínez-Jones, and Susan

---

[6] *See supra* Parts II.B. and II.F.

Hightower, as well as Shirley Cleere, a court clerk,[7] for injunctive and declaratory relief only, Golz's claims against them should be dismissed. *See* Dkt. 6, at 4, 5.

### H.     Golz's ADA and RA claims should be dismissed.

Golz fails to state a claim under the ADA or the RA. The ADA and the RA are judged and evaluated under the same legal standards, and the same remedies are available under both. *Valentine v. Collier*, 993 F.3d 270, 289 (5th Cir. 2021). To show discrimination under the ADA, Golz must prove: (1) that she is a qualified individual within the meaning of the ADA; (2) that she is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of her disability. *Id.*

It is a threshold requirement of an ADA claim that the plaintiff establish she has a disability. *Allen v. Benson*, 691 F. Supp. 3d 746, 757 (E.D. Tex. 2023) (citing *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 654 (5th Cir. 2003)). A disability is "[a] physical or mental impairment that substantially limits one or more of the major life activities of such individual[.]" 29 C.F.R. § 1630.2(g). While Golz repeatedly states that she has a disability, she fails to inform the Court what her disability is and whether it substantially limits any major life activity. *See* Dkt. 6, at 9, 16, 17. To the extent Golz alleges she was "regarded as" having a disability, *see id.* at 16, she does

---

[7] While Golz does not specify whether she sues Cleere for damages or injunctive relief, Cleere would receive immunity from suit for damages under the doctrine of quasi-judicial immunity. *See Tobias v. Price*, No. 3:06-CV-1361-M, 2009 WL 3681981, at *5 (N.D. Tex. Nov. 9, 2009).

not identify any impairment that could be perceived as substantially limiting. *See Waldrip*, 325 F.3d at 657.[8] Accordingly, Golz's ADA and RA claims should be dismissed and no claims against the Federal Defendants or the local-government Defendants should remain. *See* Dkt. 6, at 16-17.[9]

*    *    *

If the District Judge adopts the above recommendations, all Defendants should be dismissed and Golz's suit should be dismissed as frivolous under Section 1915(e)(2). Golz's 42 U.S.C. § 1985(3) and RICO claims can be dismissed for the alternative reasons explained below.

## I.    Golz's claim pursuant to 42 U.S.C. § 1985(3) should be dismissed.

Golz's claim for conspiracy to deprive civil rights under 42 U.S.C. § 1985(3) should be dismissed as to all Defendants, as well. The Fifth Circuit has held that "'the only conspiracies actionable under section 1985(3) are those motivated by racial

---

[8] "A plaintiff has a 'regarded as' disability if he (1) has an impairment that is not substantially limiting but which the employer perceives as substantially limiting, (2) has an impairment that is substantially limiting only because of the attitudes of others, or (3) has no impairment but is perceived by the employer as having a substantially limiting impairment." *Waldrip*, 325 F.3d at 657.

[9] Golz's claim against HHS and OCR under Title II of the ADA should be dismissed for the additional reason that Title II does not apply to federal agencies. Under that provision, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "public entities" as "(A) any State or local government"; "(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government"; and "(C) the National Railroad Passenger Corporation, and any commuter authority." *Id.* § 12131(1). That definition does not include federal agencies. *United States v. Snarr*, 704 F.3d 368, 384 (5th Cir. 2013) (noting that "noticeably absent" from the ADA's definition of "public entity" is "any mention of any agency or department of the federal government, other than the National Railroad Passenger Corporation" (internal quotation marks omitted)).

animus.'" *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) (quoting *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987)). Because Golz alleges no racial animus on the part of any Defendant, her Section 1985(3) claim fails.[10]

### J.    Golz's RICO claim should be dismissed.

The District Judge should dismiss Golz's civil RICO claim. To state a Section 1962(c) RICO claim, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. *Arruda v. Curves Int'l, Inc.*, No. 6:20-CV-00092-ADA, 2020 WL 4289380, at *3 (W.D. Tex. July 27, 2020), *aff'd*, 861 F. App'x 831 (5th Cir. 2021). An act of "racketeering activity," commonly referred as a "predicate act," is defined to include criminal acts such as mail and wire fraud, which Golz alleges here. *See* Dkt. 6, at 18; 18 U.S.C § 1961 (defining "racketeering activity"). To rise to the level of "racketeering activity" there must be "two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (internal quotation marks omitted).

When RICO claims are based on allegations of fraud, such as wire or mail fraud, they are subject to the Rule 9(b) heightened pleading burden. *Arruda*, 2020

---

[10] It is unclear from Golz's complaint which Defendants she aims to bring her Section 1983(5) claim against. Dkt. 6, at 14 (suing "State, County, DFPS, and Laboratory Defendants" under Section 1983(5)). Assuming Golz intends to sue DFPS, as well as Defendants Maeretha Wilburn, Chelsea Campos, Jamie Walker, Bridget O'Shaughnessy, Quest Diagnostics, Inc., Omega Laboratories, Inc., i3Screen, LLC, Texas Drug & Alcohol Testing Services, Ashley Lucciola, DFPS Ombudsman, medical review officers Janelle Jaworski, Steven Paschal, and John Doe MROs 1-5, St. David's Hospital, Hospital Social Worker "Wells," and Doe Nurses and Technicians, Golz's claims against them should also be dismissed because they were litigated in her prior federal suit. *See supra* Part II.A.

WL 4289380, at *3. The Fifth Circuit has explained that "Rule 9(b) requires 'the who, what, when, where, and how' [of the alleged fraud] to be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation omitted). Golz's bare assertions that Defendants Quest Diagnostics, Omega Laboratories, i3Screen, Texas Drug & Alcohol Testing Services, and "associated" medical review officers ("MROs") Janelle Jaworksi, Steven Paschal, and the John Doe MROs[11] transmitted invalid test reports and failed to cooperate with legal processes do not sufficiently explain the who, when, what, where, and how required to state a RICO claim. *See* Dkt. 6, at 18. Golz's RICO claim should be dismissed as to each of these Defendants.

**K.    The District Judge should decline to exercise supplemental jurisdiction over Golz's state-law claims.**

Finally, having found that Golz has failed to state any claims for relief under federal law, the undersigned recommends that the District Judge decline to exercise supplemental jurisdiction over her state-law claims. Dkt. 6, at 18-20. Golz's sole basis for jurisdiction rests on the assertion of federal causes of action, and under section 1367, the Court may decline to exercise supplemental jurisdiction over remaining state-law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) ("District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed."); *see also Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016) ("[A] court should

---

[11] The undersigned also recommends that the District Judge dismiss Golz's claims against these Defendants on the grounds that Golz's dispute with them was already litigated in her previous federal case. *See supra* Part II.A.

decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 599 (5th Cir. 2009))).

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Golz's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Golz's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The undersigned **FURTHER RECOMMENDS** that the District Judge **DISMISS** Golz's remaining pending motions, Dkts. 3; 4; 7, as **MOOT**.

### IV.    FRIVOLOUS LITIGANT WARNING

As explained in this report, Golz brought a previous lawsuit in this Court raising many of the same issues she raises in this suit. *Golz*, 2025 WL 3097081. That suit was dismissed under Section 1915 as frivolous. A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). No pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 360.

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v.*

*Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Accordingly, the undersigned **WARNS** Golz that she may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring her from filing future suits, if she continues to file frivolous claims and otherwise abuse her access to the judicial system.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 2, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE